IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
)
v. )
)
FRANCISCO ARROYO, ) No. 10 CR 608
JOSE COVARRUBIAS, and )
RAMON CALDERON, )
)
Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motions in limine. For the reasons stated below, the court grants the motions.

## DISCUSSION

### I. Evidence Designed to Elicit Jury Nullification

The Government seeks to bar argument or evidence designed to elicit jury nullification, including but not limited to argument or evidence relating to penalties faced by Defendant Francisco Arroyo (Arroyo), Defendant Jose Covarrubias (Covarrubias), and Defendant Ramon Calderon (Calderon)(collectively, "Defendants"), argument or evidence relating to the Government's motivation for

1

investigating or prosecuting this case, argument or evidence relating to allegations of outrageous Government conduct, argument or evidence relating to the Government's charging decisions, and argument or evidence relating to the "Golden Rule." The Government's motion is meritorious, and therefore, the Government's motion is granted.

## II. Evidence or Argument of Lawfulness

The Government moves to bar Defendants from introducing evidence of their lawful or non-corrupt conduct unless it meets the requirements of Federal Rule of Civil Procedure 405(a), which allows the introduction of certain reputation or opinion evidence. The Government's motion is meritorious, and therefore, the Government's motion is granted.

## III. Discovery Requests or Commentary

The Government moves to bar Defendants from addressing any discovery-related matters in the presence of the jury. The Government's motion is meritorious, and therefore, the Government's motion is granted.

## IV. Improper Impeachment of Confidential Sources

The Government moves to bar Defendants from calling any confidential source or law enforcement witness for the sole purpose of impeaching a confidential source. In the event Defendants are permitted to call any confidential source to

testify at trial, the Government also moves for a pre-trial showing of the relevance of any expected testimony from the confidential source. In addition, in the event the confidential sources are not called to testify at trial, the Government moves to bar Defendants from cross-examining law enforcement officers relating to the criminal history of any confidential sources or any benefits received by any confidential sources. The Government's motion is meritorious, and therefore, the Government's motion is granted.

## V. Argument Relating to Missing Witnesses

The Government seeks to bar argument and evidence relating to witnesses who do not testify. The Government's motion is meritorious, and therefore, the Government's motion is granted.

## VI. Entrapment Defense

The Government moves to bar Arroyo from presenting an entrapment defense, unless Arroyo can make a sufficient pre-trial evidentiary offer of facts to support such defense. Arroyo has objected to the motion. As the court ruled orally at a hearing held on April 5, 2012, Arroyo has not presented sufficient evidence at this juncture to support an entrapment defense. The Government has assured the court that it will continue to satisfy its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Based on the above, the Government's motion is granted. Should Arroyo discover additional evidence prior to trial to support the defense of entrapment, the

court will revisit the issue.

## VII. Defense of Duress or Coercion

The Government moves to bar Defendants from referring to the defense of duress or coercion at trial, including in opening statements, unless Defendants proffer sufficient evidence to support such a defense. The Government's motion is meritorious, and therefore, the Government's motion is granted.

## VIII. Admission of Evidence Pursuant to Rule 404(b) or Otherwise

The Government seeks to admit certain evidence against Defendants, either as direct evidence or pursuant to Federal Rule of Evidence 404(b) (Rule 404(b)).

### A. Evidence Relating to Arroyo

The Government seeks to have certain recorded statements of Arroyo admitted as direct evidence or as Rule 404(b) evidence. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to

introduce at trial." Fed. R. Evid. 404(b). In determining whether to admit Rule 404(b) evidence, a court must consider whether "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice." *United States v. Diekhoff*, 535 F.3d 611, 617 (7th Cir. 2008)(internal quotations omitted)(quoting *United States v. Simpson*, 479 F.3d 492, 498 (7th Cir. 2007)). The recorded statements are admissible under Rule 404(b) because they show Arroyo's intent, knowledge, and the absence of mistake, and their probative value is not substantially outweighed by any unfair prejudice to Arroyo. Therefore, the Government's alternative motion is granted.

In addition, the Government argues that to the extent that Arroyo is permitted to present an entrapment defense, the recorded statements should be admitted as direct evidence to show Arroyo's predisposition to commit the charged crime. As discussed above, Arroyo has not made a sufficient showing at this juncture to demonstrate that he is entitled to assert an entrapment defense at trial. However, in the event that Arroyo discovers and presents to the court additional evidence relating to an entrapment defense, and the court allows Arroyo to present such a defense at trial, the court grants the Government's motion to admit the recorded statements as direct evidence in rebuttal of such an entrapment defense.

## B. Evidence Relating to Covarrubias

The Government seeks to admit recorded statements made by Covarrubias to a confidential informant on July 19, 2010 relating to Covarrubias' sale of large quantities of marijuana. Covarrubias' statements are admissible under Rule 404(b) because they show knowledge and intent, and their probative value is not substantially outweighed by any danger of unfair prejudice to Covarrubias. Based on the above, the court grants the Government's motion to admit the recorded statements under Rule 404(b).

## C. Evidence Against Calderon

The Government seeks to admit evidence relating to a false police report allegedly filed by Calderon indicating that his car had been stolen. Calderon's alleged filing of the false report is direct evidence of his involvement in the charged crime and his consciousness of guilt. Therefore, the Government's motion is granted.

## IX. Statements of Covarrubias

The Government moves to admit certain statements made by Covarrubias after his arrest on July 18, 2010, and to bar certain other statements made by Covarrubias at that same time. The Government contends that the statements it seeks to bar are inadmissible self-exculpatory hearsay, irrelevant, or related to Arroyo, thus

implicating the principles of *Bruton v. United States*, 391 U.S. 123 (1968). In addition, the court notes that, to the extent that the statements admitted indicate that multiple people carried out the activities described in Covarrubias' statements, the Government has indicated that it intends to submit appropriate limiting instructions with respect to any statements of Covarrubias that are admitted. The Government's motion is meritorious, and therefore, the Government's motion is granted.

## X. Santiago Proffer

The Government has submitted a *Santiago* proffer in this case seeking to admit certain co-conspirator statements against Defendants in accordance with Federal Rule of Evidence 801(d)(2)(E) (Rule 801(d)(2)(E)) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). Pursuant to Rule 801(d)(2)(E), "the statements of a coconspirator are admissible if the trial court determines by a preponderance of the evidence that: (1) a conspiracy existed; (2) defendant and declarant were involved in the conspiracy; and (3) the statements were made during and in furtherance of the conspiracy." *United States v. Haynie*, 179 F.3d 1048, 1050 (7th Cir. 1999). The Seventh Circuit has "sanctioned so-called *Santiago* proffers," which "allow[] the judge to conditionally admit coconspirator statements based on the government's proffer." *Id.* At the close of the Government's case at trial, if the Government "has not met its burden to show that the statements are admissible, the defendant can move for a mistrial or to have the statements stricken." *Id.* The Government has met its burden at this juncture to show that the statements are

admissible. Therefore, the court grants the Government's motion to conditionally admit statements of the alleged co-conspirators, including but not limited to those statements identified in the Government's *Santiago* proffer.

## CONCLUSION

Based on the foregoing analysis, the court grants the Government's motions in limine.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 11, 2012